IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAMAL MUSTAFA, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. 8:21-cv-821-PX |
| PAUL BIRKETT *et al.*, | * | |
| | * | |
| Appellees. | * | |
| | *** | |

## MEMORANDUM ORDER

Pending before the Court is the appeal of the March 25, 2021 Remand Order issued by the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court") filed by Appellant Kamal Mustafa ("Mustafa"). ECF No. 1; ECF No. 5. Paul Birkett and Richard J. Rogers, acting on behalf of the Substitute Trustees ("Appellees"), contest the appeal. ECF No. 6. For the following reasons, the decision below is AFFIRMED.

This appeal concerns Mustafa's second attempt to remove this state foreclosure action to federal court. On March 25, 2021, the Bankruptcy Court remanded to the Circuit Court for Montgomery County, Maryland, a state foreclosure action against real property located at 14406 Autumn Branch Terrace, Boyds, Maryland ("the Property"). *See Carrie Ward v. Zeshan Mustafa*, Case No. 382518V (Cir. Ct. Montgomery Cnty), Maryland Judiciary Case Search https://casesearch.courts.state.md.us/casesearch/ (under "Search By Case Number," select "Montgomery County Circuit Court" and enter case number 382518V (last visited Dec. 3, 2021) ("Foreclosure Action"). Almost seven years earlier, the Property had been sold at a foreclosure sale on May 22, 2014. Mustafa and his co-debtor, Fatima Mustafa, filed numerous motions and appeals in the Foreclosure Action to stall the matter, all of which were unsuccessful. *Id.* On

August 13, 2014, the sale of the Property was ratified. *Id.* Following the sale, the Substitute Trustees recorded a Substitute Trustees Deed to PennyMac Corporation, which ultimately transferred and deeded the property to TransAm Holdings, LLC. *Id.*

On March 13, 2015, Mustafa filed his first notice of removal in this Court. *See Ward v. Mustafa*, Case No. 15-cv-00708-GJH (D. Md. Mar. 13, 2015), ECF No. 1. On May 29, 2015, the Honorable Judge George Jarrod Hazel remanded the case to the Montgomery County Circuit Court, finding that this Court lacked both diversity and federal question jurisdiction. *See id.*, ECF No. 15 at 2–3. Following Judge Hazel's decision, Mustafa filed for Chapter 13 Bankruptcy Protection. On September 18, 2017, the Mustafas' Chapter 13 Plan was confirmed. *In re Mustafa*, Case No. 16-br-25438 (Bankr. D. Md. Sept. 18, 2017), ECF No. 1, 126. The Plan does not involve or address the Property. *Id.*, ECF No. 10, 111.

On February 23, 2021, Mustafa again noted removal of the Foreclosure Action to the United States Bankruptcy Court for the District of Maryland. *In re Mustafa*, Case No. 21-ap-00047, ECF No. 1. On March 25, 2021, the Bankruptcy Court remanded the case to the Montgomery County Circuit Court, concluding that the removal notice was untimely under 28 U.S.C. § 1446(b) because it was filed more than "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." ECF No. 1-1 at 6–7 (citing 28 U.S.C. § 1446(b)). The Bankruptcy Court also determined that it lacked jurisdiction pursuant to 28 U.S.C. § 1334 because the Foreclosure Action neither arose pursuant to the Bankruptcy Act nor was it "related to" the Chapter 13 matter. *Id.* at 7–10. The Bankruptcy Court correctly reasoned that because the outcome of the Foreclosure Action would have no effect whatsoever on the Bankruptcy matter, no jurisdictional basis existed to hear the claim. *Id.*

The Court has reviewed the Bankruptcy Court's decision and finds no error. The decision of the Bankruptcy Court is, therefore, AFFIRMED.[1]

Accordingly, on this 3rd day of December 2021, it is by the United States District Court for the District of Maryland, ORDERED that:

1. The Appeal filed by Appellant Kamal Mustafa is hereby DENIED, and the DECISION of the Bankruptcy Court is AFFIRMED;

2. The Clerk is directed to TRANSMIT copies of the foregoing Memorandum Opinion and this Order to Appellant and to counsel for Appellees and the Clerk of Court for the Circuit Court for Montgomery County, Maryland; and CLOSE this case.

| | |
|---|---|
| _12/3/2021_ | _/s/_ |
| Date | Paula Xinis |
| | United States District Judge |

---

[1] Without citing to a single authority, Appellees also argue in passing that this Court does not have jurisdiction to review this appeal. ECF No. 6 at 3. Whether the district court is deprived of its statutory authority to review bankruptcy decisions in the context of remand orders has been the subject of much debate. *Compare In re Caesars Entm't Operating Co.*, 588 B.R. 233, 240 (B.A.P. 9th Cir. 2018) *and In re Rossi*, 444 B.R. 170, 172–73 (B.A.P. 6th Cir. 2011) (finding a bankruptcy court's remand order for lack of subject-matter jurisdiction not reviewable, under § 1447(c)), *with In re SBMC Healthcare, LLC*, 547 B.R. 661, 675 (S.D. Tex. 2016) ("Courts that have interpreted *Things Remembered* as precluding district courts from reviewing bankruptcy court remand orders also overlook the fact that their interpretation impermissibly deprives Article III district courts of the right to oversee Article I bankruptcy courts."), *and In re D'Angelo*, 479 B.R. 649, 656 (E.D. Pa. 2012). This Court tentatively concludes that review of such bankruptcy decisions is properly before this Court; however, the parties' discussion of this complex issue is woefully lacking, and so this Court will not definitively resolve the issue here. Suffice to say that Appellees' halfhearted argument makes no practical difference; even if Appellees are correct, the Bankruptcy Court's Remand Order would not be disturbed.